MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

US DISTRICT COURT
SDNY
500 Pearl Street
NY, NY 10007                                    May 16, 2013,

                                                RE: Hill v NYC et al

Dear Mesdames & Sirs:

   I represent the above captioned plaintiff. I have enclosed the third amended complaint for filing plus as SASE for the return. Summonses for the additional new defendants are enclosed as well

     I thank you for your attention and consideration.


MC/ll                                           Very Truly Yours,



                                                Michael Colihan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CAROL HILL as Administratrix of the              )
Estate of Tyjuan Hill, deceased and CAROL        )
HILL, individually                               }
                                                 }
          .                                      )     **THIRD AMENDED**
                                                 )     **COMPLAINT**
                   Plaintiff,                    )
                                                 )     **JURY TRIAL DEMANDED**
          -against-                              )
                                                 )     **ECF Case**
THE CITY OF NEW YORK                             )
SGT. PATRICK QUIGLEY, Sh. # 5 SGT. DANIEL)             12-cv- 08691-
CASELLA, Sh. # 1171, P.O. BENIGNO                )
GONZALES Sh. No. 18645, P.O. BRADLEY             )
TIROL Sh. # 24778, P.O. LYHEEM OLIVER,           )
Sh. # 15166, P.O. SAMBATH OUK, Sh. # 3188        )
P.O. JOSE COFRESI, Sh. # 9315 &                  )
POLICE OFFICER JOHN DOE 1-10                     )
                                                 )
                                                 )
                                                 )
                   Defendants.                   )
-----------------------------------------------------------------X


MICHAEL COLIHAN- ATTORNEY AT LAW

                                                         44 Court Street
                                                              Suite 906
                                                Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAROL HILL as Administratrix of the )
Estate of Tyjuan Hill, deceased and CAROL )
HILL, individually }
}
.                               )   **THIRD AMENDED**
                                )   **COMPLAINT**
            Plaintiff,          )
                                )   **JURY TRIAL DEMANDED**
       -against-                )
                                )   **ECF Case**
THE CITY OF NEW YORK            )
SGT. PATRICK QUIGLEY, Sh. # 5 SGT. DANIEL)  12-cv- 08691-
CASELLA, Sh. # 1171, P.O. BENIGNO )
GONZALES Sh. No. 18645, P.O. BRADLEY )
TIROL Sh. # 24778, P.O. LYHEEM OLIVER, )
Sh. # 15166, P.O. SAMBATH OUK, Sh. # 3188 )
P.O. JOSE COFRESI, Sh. # 9315 & )
POLICE OFFICER JOHN DOE 1-10    )
                                )
                                )
                                )
            Defendants.         )
-----------------------------------------------------------------X

Plaintiff, by her attorney, MICHAEL COLIHAN, complaining of the defendants, above named, set forth and allege as follows

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1981,1983, & 1988, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just. Plaintiff also asserts supplemental state law claims

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1981, 1983 & 1988. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights. This action is brought in the District where the defendant is located.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein pursuant to Federal Rule of Civil Procedure 38 (h)

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ©.

## PARTIES

5. Plaintiff CAROL HILL is a citizen of the County of Kings, City and state of New York. On or about the 29th Day of November, 2012 she was appointed Administratrix of the Estate of Tyjuan Hill.

6. That Tyjuan Hill died intestate in the County of Kings, City & State of New York, on September 20, 2012..

7. Defendant THE CITY OF NEW YORK was and is at all times relevant herein a municipal entity created and authorized under the laws of the state of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of patrol and general law enforcement for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of police officers as said risk attaches to the public consumers of the services provided for by them.

8. Defendant SGT. PATRICK QUIGLEY is and was at all times relevant herein

duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

9. Defendant SGT. DANIEL CASELLA, Sh. # 1171 is and was at all times relevant herein  duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

10. Defendant POLICE OFFICER BENIGNO GONZALES, Sh. # 186454 is and was at all times relevant herein  duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

  11. Defendant P.O. BENIGNO GONZALES, Sh. # 18645 is and was at all times relevant herein  duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

  12. Defendant POLICE OFFICER BRADLEY TIROL, Sh. # 24778, is and was at all times relevant herein  duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

  13. Defendant POLICE OFFICER LYHEEN OLIVER, Sh. # 15166 is and was at all

times relevant herein duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

14. Defendant SAMBATH OUK, Sh. # 3188, is and was at all times relevant herein duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

15. Defendant P.O. JOSE COFRESI, Sh. # 9315 is and was at all times relevant herein duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY

OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

16. Defendants POLICE OFFICER JOHN DOES 1-10 are and were at all times relevant herein duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

17. That at all times herein mentioned, the individually named defendants, either personally or though their employees, were acting under color of law and/or in compliance with the official rules, regulations, law statutes, customs, usages and/or practices of the State of New York and/or CITY OF NEW YORK

18  That on or about the 12th day of December, 2012 the plaintiff CAROL HILL served and filed a notice of claim which conformed in all respects to the requirements of the General Municipal law.

19. That the City of New York has not held a 50-H hearing on this claim.

20. That a period of over 90 days have elapsed and the City of New York has neglected and refused to adjust this claim, despite due demand having been made, and the plaintiff has

otherwise complied with all the conditions precedent to this action.

## STATEMENT OF RELEVANT FACTS

21. That on or about September 20, 2012, the decedent TYJUAN HILL was lawfully at or near Hamilton Avenue ,near its intersection with West 9th Street,  County of Kings City and state of New York.

.22. That the defendants, without probable cause and without a warrant, unlawfully approached , shot and killed the plaintiff.

23. That, upon information and belief, the defendants P.O. JOHN DOE & the individually named defendants perjured themselves to members of the Kings County District Attorney's Office and lied under oath about Tyjuan Hill's commission of acts that never took place.

24. That by reason of the foregoing the plaintiff has suffered serious and severe personal injuries , experienced pain & suffering before his wrongful death.
.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

25. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.
.

26. By their conduct and actions in shooting and killing the plaintiff, in committing perjury, in failing to intervene to stop the misconduct of other officers, as aforesaid, defendants, and each of them, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of

plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

27. As a result of the foregoing, plaintiff suffered conscious pain and suffering and wrongful death..

### SECOND CLAIM- MONELL VIOLATION

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

30.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

31. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

32.. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

33. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

34. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

35. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

36. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

37. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

38.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages

were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

40 As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, and wrongful death., and was otherwise damaged and injured.

### THIRD CAUSE OF ACTION- STATE LAW CLAIM FOR WRONGFUL DEATH

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. That the fatal injuries and death of the plaintiff's intestate TYJUAN HILL was caused by reason of the carelessness, recklessness and negligence of the defendants, including but not limited to SGT. PATRICK QUIGLEY and POLICE OFFICER JOHN DOE 1-10, including but not limited to the following;

a) failing to utilize less deadly methods of force available to them.

b) recklessly, carelessly and negligently discharging their service issued handguns and shooting and killing the plaintiff's decedent without just cause

c) in shooting and killing the plaintiff's decedent in violation of the laws of the state of New York

d) in failing to keep their handguns in good working order and maintaining them in a

defective manner

e) in failing to issue a warning to the plaintiff's decedent before employing deadly physical force

f) in intentionally shooting and causing the death of the plaintiff's decedent

+g) In other ways as continuing discover shall disclose and in general being careless, reckless and negligent.

43. That by reason of the defendant's carelessness, recklessness and negligence, the plaintiff's intestate, TYJUAN HILL, died and left surviving as his distriibutee CAROL HILL.

44. That the plaintiff's intestate TYJUAN HILL suffered conscious pain and suffering before his death.

45. That because of the wrongful death of TYJUAN HILL, his mother CAROL HILL has been deprived of the loss of services and the comfort and society of his presence.

46. That because of the injuries sustained by TYJUAN HILL which resulted in his death, all occasioned by the gross negligence and wanton carelessness of the defendants, the plaintiff incurred funeral expenses and other expenses in connection with the burial of her son and will be forced to incur other expenses in connection with the settlement of the estate.

47. That by reason of the foregoing the plaintiff has sustained damages in an amount to be determined upon the trial of this action.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

May 16, 2013..

---------------------------------------------
MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788