UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CAROL HILL, as Admin. Of the Estate of TYJUAN HILL, et al

                Plaintiff,                      12-cv-8691 (AKH)

    -against-                            PLANTIFF'S REQUEST
                                          TO CHARGE

THE CITY OF NEW YORK, *et al.*,

-------------------------------------------------------X

## PLAINTIFFS' REQUESTS TO CHARGE

Plaintiff CAROL HILL, as Administratrix of the Estate of TYJUAN HILL, deceased, by and through his attorney, Michael Colihan, submits the following Proposed Jury Instructions, in addition to any other generally applicable instructions that the Court may give.

   The plaintiff in this case is CAROL HILL, as Administratrix of the Estate of her son TYJUAN HILL, deceased. She is suing the defendants under federal law and state law. The federal claims asserted by plaintiff arises under a federal statute, 42 U.S.C. § 1983, which I will explain to you in greater detail shortly. Section 1983 provides a remedy, among other things, for individuals who have been deprived of their federal constitutional rights under color of state law.

### SUBSTANTIVE LAW/ PARTIES

1. Under federal law, plaintiff CAROL HILL alleges that the law enforcement defendants, or police officers deprived her son of his rights to be free from excessive force and wrongful death and the fabrication of evidence against him, and of his right to family integrity, that is, his right to enjoy the companionship, custody, support, and enjoyment of life. She claims the excessive force used was that TYJUAN HILL, aged 22 at the time of his death, was shot in the head and killed by the defendant PATRICK QUIGLEY. She further claims that the other defendants, Benigno Gonzales, Lyheem Oliver, Daniel Casella, Sambath Ouk, Jose Cofresi and Bradley Tirol failed to intervene to stop or prevent the homicide committed by defendant Patrick Quigley. The plaintiff also claims the defendants committed perjury, withheld and falsified police reports and other evidence, in failing to perform a proper and through investigation, in an effort to conceal the homicide committed by defendant Quigley.

2. The defendants in this action are The City of New York, Patrick Quigley, Benigno Gonzales, Lyheem Oliver, Daniel Casella, Sambath Ouk, Jose Cofresi and Bradley Tirol At the time of the events complained of in this case all were employed as police officers and were members of the New York City Police Department and acting in their official capacities and they are sued in their individual capacities. None of this is disputed by the parties.

3. Although these are a number of defendants in this case, it does not follow from that fact alone that if one is liable, any other defendant is liable. Each plaintiff and each defendant is entitled to a fair consideration of the evidence relating to that plaintiff or that defendant, and fair consideration of the plaintiff's

claims and each defendant's defense, and no plaintiff or defendant is to be prejudiced by any finding you make for or against any of the other plaintiffs or defendants.

## FEDERAL CLAIMS
## THE STATUTE: 42 U.S.C. § 1983

4. The law to be applied to the plaintiffs' federal claims in this case is the federal civil rights law which provides a remedy, among other things, for individuals who have been deprived of their federal constitutional rights under color of state law.

5. The plaintiffs' suit is based upon the federal Civil Rights Act, Title 42 of the United States Code, § 1983 ("Section 1983"), which reads in relevant part:

> Every person who, under color of any statute, ordinance, custom or usage of any state subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution . . . , shall be liable to the party injured in an action at law. . . .
> (Authority: 42 U.S.C. § 1983).

6. Section 1983 creates a form of liability in favor of persons who have

-4

detail (Authority: 4 L. Sand, J. Siffert, S. Reiss, J. Sexton, J. Thorpe, Modern Federal Jury Instructions (1988) (hereinafter "Sand"), Instruction 87-68).

FIRST ELEMENT: "UNDER COLOR OF LAW"

8. To satisfy the first element, the plaintiffs must establish by a preponderance of the evidence that the conduct complained of was committed by the defendants acting under color of state law.

9. In this case it is not disputed that at the time of the events complained of, the individual defendants were acting in their official capacities as members of the New York City Police Department, and therefore were acting under color of state law. The parties have agreed that plaintiffs have established this element — that the defendants acted under color of law — and you do not have to consider it.

10. That does not end your inquiry. You must still determine whether the plaintiffs established, by a preponderance of the evidence, the remaining two elements of their § 1983 claims: (1) whether the defendant or defendants actually deprived the plaintiff of a constitutional right, and, if so, (2) whether that deprivation "proximately caused" the injuries each claims that she has sustained.

SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

11. The second element that plaintiffs must prove by a preponderance of the evidence is that the defendants deprived them of rights protected by the United

-6-

States Constitution. In order for them to establish this element, plaintiffs must establish the following by a preponderance of the evidence: first, that the defendant or defendants committed the acts alleged by plaintiff; second, that those acts caused them to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendant or defendants acted intentionally or recklessly.(Authority: Sand 87-74).

12. I will first explain what I mean that plaintiffs must show that the defendants acted intentionally or recklessly. Then I will explain what I mean by actions causing the loss of a constitutional right.

## STATE OF MIND—GENERAL

13. To establish a claim under Section 1983, plaintiffs must establish by a preponderance of the evidence that the defendants acted intentionally or recklessly

(Authority: Sand 87-74). An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason (Authority: Sand 87-76). An act is reckless if done in conscious disregard of its known probable consequences (Authority: *Id.* 87-77).

14. The intent of a person, or the knowledge that a person possesses at any given time, may not ordinarily to be proved directly because these is no way of

-7-

directly scrutinizing the workings of the human mind. In determining the issue of what a person knows or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. Authority: E. Devitt, C. Blackmar, M. Wolff, K. O'Malley, Federal Jury Practice and Instructions, Civil and Criminal, Fourth Edition Vol.!. Section 17.07, p. 642-43.

15. Plaintiffs claim that defendants deprived them of rights and privileges secured and protected by the United States Constitution.

## LOSS OF A FEDERAL RIGHT

16. Plaintiff Carol Hill claims that the defendant deprived her and her deceased son of rights and privileges secured and protected by the United States Constitution. CAROL HILL alleges that the law enforcement defendants, or police officers deprived her son of his rights to be free from excessive force and wrongful death and the fabrication of evidence against him, and of his right to family integrity that is, his right to enjoy the companionship, of his mother and family and enjoyment of life . She claims the excessive force used was that TYJUAN HILL, aged

22 at the time of his death, was shot in the head and killed by the defendant PATRICK QUIGLEY. She further claims that the other defendants, Benigno Gonzales, Lyheem Oliver, Daniel Casella, Sambath Ouk, Jose Cofresi and Bradley Tirol failed to intervene to stop or prevent the homicide committed by defendant Patrick Quigley. The plaintiff also claims the defendant committed perjury, withheld and falsified police reports and other evidence, in failing to perform a proper and through investigation, in an effort to conceal the homicide committed by defendant Quigley.

.

## THIRD ELEMENT—PROXIMATE CAUSE

17. I have discussed the first two elements of plaintiffs' civil rights claims, which are plaintiffs' contention that defendants acted under color of law, and their contention that defendants deprived them of specific constitutional rights.

18. The third element that the plaintiff must prove by a preponderance of the evidence is that the actions of any of the defendants were a proximate cause of of the injury & death sustained by the deceased, TYJUAN HILL. " Proximate cause" means that there must be a sufficient causal connection between the act or omission of any defendant and the damage sustained by the plaintiff's decedent.

-9

An act of omission is a proximate cause of the damage or injury if it was a substantial factor in bringing about or actually causing the alleged injury. In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause. (Authority: Sand 85:79

19. The two elements I have just described — that is, (1) deprivation of one or more constitutional rights; and (2) proximate cause — must be established by each plaintiff by a preponderance of the evidence in order to find for that individual plaintiff. In this case, the defendant Patrick Quigley has admitted that he fired a shot from his service pistol striking the deceased TYJAN HILL and Killing him. There is no dispute that this shot was the cause of death of TYJUAN HILL

## LIABILITY OF THE CITY OF NEW YORK UNDER STATE LAW

20. With respect to his state law claims of wrongful death, Carol HIll also seeks to hold The City of New York responsible for the actions of the individual defendants. Thus, if you find that the plaintiff Carol Hill has proven her state law claim against any defendant, then you will also find that she has proven these claims against The City of New York.

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

21. The party with the burden of proof on any given issue has the burden

of proving every disputed element of his or her claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

22. What does "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

23. If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of the evidence — he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof

That what the party claims is more likely true than not true, then that element will have been proved by a preponderance of the evidence.

24. Some of you may have heard of proof beyond a reasonable doubt, which is the standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## DISCREPANCIES IN TESTIMONY

25. You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

26. You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

27. People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood is always a matter of importance and should be considered a serious matter.

28. It is for you to decide, based on your total impression of the witness,

You should, as always, use your common sense & good judgment. (Authority: Sand 76-4.)

PRIOR INCONSISTENT STATEMENTS

29. You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

30, Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find the witness made an earlier statement that conflicts with his trial testimony you may consider this fact in deciding how much, if any, of his trial testimony to believe.

31 In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether

-13

34. In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome of the case creates a motive to testify falsely and may sway a witness testify in such a way that advances the witness's own interest. All the defendants, Patrick Quigley, Daniel Casella, Benigno Gonzales, Lyheem Oliver, Bradley Tirol and Sambath Ouk are parties to this lawsuit and as such are interested witnesses. So is the plaintiff. Therefor, if you find that any witness whose testimony you are considering may have an interest in the outcome of this case, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care .

## EXPERT TESTIMONY-GENERALLY

35. In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience or training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

36. In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other facts

weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.

Nor should you substitute it for you own reason, judgement and common sense.

37. I emphasize that the determination of the facts in this case rests solely with you. (Authority: Sand, Instruction 76-9; *U.S. v. Simon,* 425 F.2d 796 (2d Cir. 1069), cert denied, 397 U.S. 1006 (1970)).

## CONFLICTING EXPERT TESTIMONY

38. The testimony of each side's expert witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts,

39. The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion, and the bases for the opinion.

40. You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness' opinion testimony to be a substitute for your own reason,

-16

judgment and common sense.

41. You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you. (Authority: Sand, Instruction 76-10; *US. v. Bohle*, 475 F.2d 872, 874 (2d Cir. 1973).)

## DAMAGES

42. If you find that a plaintiff has carried his burden of proving by a preponderance of the evidence that the defendants violated his constitutional or state law rights, then you must consider the amount of damages which will fairly and reasonably compensate that plaintiff for the injuries she sustained as a result of the violation of his rights.

43. The fact that I instruct you on damages should not be considered as an indication that you should find for any plaintiff on his liability claims against any or all of the defendants. It is for you to decide, based upon the evidence and the law as I have instructed you, whether plaintiff is entitled to recover against them.

Except as otherwise indicated, the instructions set forth in this section are adapted from those given by Judge Ross in *Atkins v. City of New York*, 91 CV 2465 (ARR) (E.D.N.Y. January 1995).

-17

44. The plaintiff seeks two types of damages, compensatory and punitive damages. The terms almost explain themselves.

45. The purpose of the law of damages is to award, as far as possible, just

[2] and fair compensation for the loss that resulted from the defendants' violations of a

plaintiffs rights. You may award damages for those injuries that you find a

plaintiff has proven by a preponderance of the evidence to have been the direct result of culpable conduct by a defendant.

46. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole — that is, to compensate his for the damage that she has suffered, and will continue to suffer. Compensatory damages may include, for example, damages for past and future pain and suffering, mental anguish, lost money or property, and medical and legal expenses. In this case, you have heard evidence of psychiatric injury which CAROL HILL has alleged was the result of defendants' conduct; you may award damages to compensate each plaintiff for her past and future pain and suffering as a result of that injury.

-19

47. In addition, you may compensate for the loss of enjoyment of life that was suffered by the deceased TYJUAN HILL for his death at age 22 years. Mortality tabes will be presented to show that the life expectancy of TYJUAN HILL was approximately 85 years The right to enjoyment of life, without its unlawful curtailment has an intrinsic worth that necessarily exceeds the dollars and cents value of the decedent to his beneficiaries. *Banks ex rel Banks v Yokemick*, 177 F. Supp 2nd 250 ( S.D. N. Y. 2001) See also *Jaquez et al v the City of New York* 10- cv- 2881 .

48. If you find that any of plaintiff's injuries are permanent, you must make such allowance in your verdict as you think the circumstance warrants, taking into consideration the period of time that has elapsed from the date of the injury to the present time and the period of time plaintiff can be expected to live.

77-3 (including instructions in commentary))

49. In awarding compensatory damages, I instruct you that you must be guided by dispassionate common sense. Computing damages may be difficult; but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In sum, your award of compensatory damages should reasonably compensate a plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that she has sustained or is reasonably

-20

likely to sustain in the future as a direct result of the defendants' culpable conduct.

50. In calculating damages, you must be aware of the need to not award duplicative damages for the same injury which may arise from different culpable conduct.

51. You are also not to award damages for any injuries which did not arise from defendants' culpable conduct. As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.

52. Punitive damages are awarded to punish defendants for extreme or outrageous conduct, or to deter or prevent defendants, and others like them, from committing such acts in the future. You may award a plaintiff punitive damages if you find that the acts or omissions of an individual defendant were done maliciously or wantonly.

53. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. A plaintiff has the burden of proving, by a preponderance of the evidence, that any of the individual defendants acted maliciously or wantonly with regard to his

-21

rights.

54. If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate a plaintiff's rights or unlawfully injure his, or if you find that any one of them acted with a callous or reckless disregard of a plaintiff's rights, then you may award punitive damages against that defendant. An award of punitive damages is discretionary; if you find that the legal requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

55. In making your decision whether to award punitive damages against a particular defendant, you should consider the underlying purpose of punitive damages: to punish individual defendants for outrageous conduct, and/or to prevent them and other members of the New York City Police Department from engaging in such conduct in the future.

Dated: September 2, 2016

                            RESPECTFULLY SUBMITTED

Michael Colihan, Esq.
44 Court Street
Suite 906
Brooklyn, NY 1201
(718)488-7788