UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

CAROL HILL,

                      Plaintiff,

-against-

SGT PATRICK QUIGLEY, ET AL,

                      Defendants.

------------------------------------------------------------ x

**SUMMARY ORDER ON MOTIONS IN LIMINE**

12 Civ. 8691 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties appeared for a final pre-trial conference on September 7, 2016, at 2:30 p.m. The Court ruled on the parties' motions in limine and decided, for reasons stated on the record, as follows:

1. The Defendants' motion for a bifurcated trial was denied.

2. The Defendants' motion for voir dire questions on the use of excessive force was granted in part. Defendants also asked for a question addressing jurors' reactions to the injury sustained by Mr. Tyjuan Hill. Upon further consideration, I believe asking questions about the injury without the context of evidence is not helpful. I plan to add a relevant question asking about the issue.

3. The Defendants' motion to dismiss Jose Cofresi was granted on consent. Plaintiff retains the right to call him as a witness.

4. The Defendants' motion to preclude mention of prior, undetermined complaints against the police officer Defendants was granted.

1

5. The Defendants' motion to preclude reference to the city of New York was granted, upon the stipulation, agreed to by Defendants, that a verdict against any individual Defendant on the wrongful death, state cause of action would automatically be a verdict against the City as well.

6. The Defendants' motion to preclude reference to indemnification was granted.

7. The Defendants' motion to prevent Plaintiff from arguing for a specific dollar amount in damages was granted.

8. The Defendants' objection to Mr. Kass Johnson appearing as a witness was denied, provided that Plaintiff provides Defendants with Mr. Kass Johnson's contact information and that Defendants have an opportunity to depose Mr. Kass Johnson. The Defendants' objection to Mr. Wall is denied as moot, as Plaintiff asserted that he would not be called as a witness at trial.

9. The Defendants' motion to preclude the use of various photo images of Mr. Tyjuan Hill's injuries was denied. This court tentatively ruled the photographs to be admissible but reserved ruling until the point at trial when the photographs are offered.

10. The court denied Defendants' motion for a general prohibition on lay opinion testimony and instructed the parties to raise objections to such testimony at the time the evidence is presented.

11. The court sustained Defendants' objection to the video clip filmed from the taxi cab with Elena Emerson and Suzanne Smoot, with leave for Plaintiff to move for its introduction in rebuttal if then relevant.

12. The Defendants moved to preclude references to the possibility that officers could have used less force. I indicated that I could not evaluate such references outside of the context in which they might arise. Thus, I reserve ruling until proof at trial is offered.

13. The Defendants' motion to preclude reference to the New York Police Department's procedures and policies was granted, since Plaintiff failed to show any particular rule that allegedly was violated.

14. Plaintiff's motion to preclude Charles Wetli from testifying was denied.

15. Plaintiff's motion for Mr. Steve Wall's contact information was denied as moot, as the Plaintiff withdrew Mr. Wall as a potential witness.

16. Plaintiff's motion to preclude mention of Mr. Tyjuan Hill's criminal history was granted over the Defendants' objections under Federal Rules of Evidence 404(b) and 609. I did not intend to rule on the admissibility of such evidence as it might pertain to damages in the wrongful death, state cause of action, and await briefing on that issue.

17. Plaintiff's motion to preclude testimony from Joanna Lee because of the Defendants' failure to identify her as an expert witness, or provide required disclosures, was granted.

18. The Court ordered that Defendants' Exhibit E, a DNA Report prepared by Joanna Lee, and Plaintiffs' Exhibit 11, the Chief Medical Examiner's Autopsy Report for Tyjuan Hill, were admissible under Federal Rule of Evidence 803(8). The Court also found that Dr. Wetli and Dr. Taff could explain the information in these reports to the jury, subject to qualifying them as experts in the subject matter of their testimony.

The plaintiff was instructed to file a revised Joint Pre-Trial Order, incorporating the various changes stated on the record in the hearing. Among the required changes, Plaintiff was instructed to eliminate reference to a conspiracy count, to eliminate Jose Cofresi from the case caption, to include the names of added plaintiff and defense counsel, to provide an accurate list of witnesses, and to furnish to the court a marked copy of the pleadings that includes Defendants' answer and affirmative defenses. The Court denied the Defendants' motion to dismiss Plaintiff's wrongful death claim under state law, and instead revisited its ruling dismissing the City of New York as a defendant. Plaintiff was instructed to file a seventh amended complaint naming the City of New York as a defendant at the end of the caption, on the cause of action for wrongful death under New York state law, and eliminating Jose Cofresi.

The Clerk shall terminate the motions in limine. [Dkt. No. 187; 189, 191; 197; 211]

Dated: New York, New York
September ~~9, 2016~~

Sept 8, 2016

ALVIN K. HELLERSTEIN
United States District Judge