```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
```

CAROL HILL as Administratrix of the Estate of Tyjuan Hill, deceased and CAROL HILL, individually,

                                   Plaintiff,

-against-

SGT. PATRICK QUIGLEY, SGT. DANIEL CASELLA, P.O. BENIGNO GONZALES, P.O. BRADLEY TIROL, P.O. LYHEEM OLIVER, P.O. SAMBATH OUK, P.O. JOSE COFRESI,

                                   Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

12 Civ. 8691 (AKH)

```
------------------------------------------------------------------------ x
```

## **PRELIMINARY STATEMENT**

Plaintiff places the results of the DNA testing at issue in this case by claiming that Mr. Hill never had the gun in his possession. For that reason, Defendants have no choice but to rebut this incredible theory with the DNA testing results which show that Mr. Hill's DNA was found on the handle and trigger of the gun. What plaintiff asks the Court is to allow her to argue their theory of the case, deprive Defendants from mounting a defense, and hide from the jury any evidence that Mr. Hill's DNA was on the gun. Plaintiff's strategy is consistent with her failure to provide the DNA report to her own expert in an attempt to bury this adverse evidence.[1] This motion for reconsideration is another attempt to try to bury the DNA evidence and prejudice Defendants. For the reasons set forth below, plaintiff's second bite at the apple should be denied.

---

[1] Your Honor commented on this failure at the pre-trial conference.

# **ARGUMENT**

### RECONSIDERATION IS INAPPROPRIATE WHERE PLAINTIFF SIMPLY RECYCLES THE SAME ARGUMENTS AND FAILS TO IDENTIFY ANYTHING OVERLOOKED

Courts in this Circuit have identified three basic situations when reconsideration is proper: (1) where there has been "an intervening change in controlling law," (2) where new evidence is available, or (3) where there is a need "to correct a clear error or prevent manifest injustice." Cordero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Quezada v. Brown, 08-CV-5088 (KAM), 2011 U.S. Dist. LEXIS 120667, at *3 (E.D.N.Y. Oct. 19, 2011) (internal quotation and citations omitted). Plaintiff simply recycles the same arguments raised and rejected by the Court. Plaintiff cannot point to any change in controlling law, new evidence or manifest injustice. In fact, Your Honor read both expert reports, as well as the DNA report, during the pre-trial conference and heard from both sides concerning their respective positions. Accordingly, plaintiff's motion should be denied.

### MS. LEE'S REPORT IS CLEAR AND IS SELF-AUTHENTICATING PURSUANT TO FEDERAL RULE OF EVIDENCE 902

Plaintiff states that "(1) [Ms. Lee] created DNA profiles …, identified as 'swab from trigger/trigger guard,' 'swab from grip,' and 'swab from slide/slide release,' (2) she

compared those DNA profiles to" Mr. Hill's DNA taken from blood, fingernails and hair;[2] "and (3) she concluded that the two 'swabs' contained DNA matching [Mr. Hill's DNA], and one did not." See Plaintiff's Motion, p. 3. The fact that the DNA from the gun matched the DNA of Mr. Hill is all that Defendants seek to elicit to rebut plaintiff's theory.

These facts are set forth in a business record from the Office of the Chief Medical Examiner which includes a certification entitled "Certification of Forensic Biology File as a Business Record." See DNA Report, at DEF002367. Rule 902 of the Federal Rules of Evidence states that public documents or records of a regularly conducted activity that are certified and signed "are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. The report does not require a foundation. To the extent the Court rules otherwise, Defendants are willing to produce a witness from OCME to lay a foundation concerning the business record.

### Ms. LEE's REPORT IS RELIABLE AND DOES NOT CONTAIN ANY OPINIONS

First, plaintiff argues that Defendants did not meet their discovery obligations and plaintiff should not be precluded from cross-examining Ms. Lee. Defendants provided Ms. Lee's report and identified Ms. Lee during discovery. Plaintiff took absolutely no steps to challenge the report, challenge the testing, and did not depose Ms. Lee. Plaintiff turned a blind-eye to the

---

[2] Plaintiff turns a blind eye to the fact that DNA was taken from Mr. Hill's blood, fingernails and hair. In fact, plaintiff's argument is disingenuous because a bloodstain prepared from Mr. Hill's blood and DNA extracts from the samples and controls tested are retained in the OCME laboratory. See DNA Report, at DEF002371. Moreover, the samples are listed and labeled with item numbers in the report. See id., at DEF002380 (PM_1 Blood vial, PM_1.1 Stain card, PM_2 Scalp hair around entrance wound, PM_3 L Fingernails, PM_4 Scalp hair, PM_5 R Fingernails). Plaintiff had ample time in discovery to challenge the testing and results. Instead, plaintiff takes issue the findings on the eve of trial in the form of ink on paper.

DNA results and hid them from their own expert. Now, after the Court has precluded Ms. Lee from testifying, plaintiff argues that she should be entitled to cross-examine Ms. Lee.

Second, plaintiff argues in conclusory fashion that the report lacks sufficient indicia of trustworthiness. This is completely without merit. The Southern District of New York has specifically held that the Office of the Chief Medical Examiner's DNA test results performed on gun swabs, and the comparison of those results to an individual's DNA profile, are admissible under the standards set forth in Daubert and Federal Rule of Evidence 702. United States v. Morgan, 53 F. Supp. 3d 732, 735 (S.D.N.Y. 2014).

In U.S. v. Morgan, police obtained three DNA swabs from a gun tossed by the defendant, including swabs from the trigger, trigger guard and grip areas. An oral DNA swab was also collected from the defendant. The defendant challenged OCME's report concerning the DNA testing performed on the gun swabs and the comparison of those results to the defendant's DNA profile. After a lengthy opinion outlining the DNA profiling and methodology used by OCME, the Court held the reliability issues raised by the defendant, "go to the weight to be accorded to the evidence, not to its admissibility." Id. at 741.

It bears repeating that Ms. Lee's report states that she tested the DNA from the gun with that of Mr. Hill's and there were matches on the trigger and handle of the gun. There is no hearsay within the report as she tested personally tested the gun with the DNA of Mr. Hill. Contrary to plaintiff's assertions, there are no assumptions or opinions contained in the report. The report lists the testing performed and the results received. Quite simply, the report is very matter of fact. Plaintiff takes issue with the report because it is damaging to plaintiff's case, not for any legitimate legal basis.

### NO CHAIN OF CUSTODY ISSUES EXIST IN THIS CIVIL MATTER

Plaintiff states that "it is one thing for Ms. Lee's report to state the results of her testing, but to identify exactly what Ms. Lee tested requires other witnesses." Plaintiff is mistaken. Ms. Lee's report states that she tested the DNA found on a gun, compared it to Mr. Hill's DNA and there were matches. The test and results are personal known by Ms. Lee and no other witness is required. There is also no chain of custody issue in this civil case because the report contains a list of individuals who had custody over the evidence. See DNA Report, at DEF002378-002381. Finally, this is not a basis to preclude the report. A chain of custody challenge generally goes to the evidence's reliability, and not its admissibility. See, Melendez-Diaz v. Massachusetts, 557 U.S. 305, 336 (2009) (citations and internal marks omitted).

### THE REPORT IS A BUSINESS RECORD CONTAINING A SIGNED CERTIFICATION AND IS SELF-AUTHENTICATING PURSUANT TO FEDERAL RULE OF EVIDENCE 902

Plaintiff's argument need not be addressed further.

### DR. WETLI IS COMPETENT TO TESTIFY CONCERNING OCME TESTING AND RESULTS

As stated in Dr. Wetli's expert report, he reviewed the DNA results before writing his report and issuing an opinion in this matter.[3] But more importantly, plaintiff completely ignores Dr. Wetli's experience and training. Dr. Wetli was the Chief Medical Examiner for

---

[3] Plaintiff did not provide the DNA report to her expert and Dr. Taff stated that he is unaware of whether DNA testing was performed.

Suffolk County and Director of forensic sciences where he oversaw a crime laboratory (which conducted DNA testing) and a toxicology laboratory. Clearly, someone who was employed as Chief Medical Examiner can testify about reports generated by an Office of the Chief Medical Examiner. Plaintiff's argument would mean that a Police Commissioner would not be competent to testify about arrest procedures, and an expert orthopedist would not be able to testify about a treating orthopedist's records.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny plaintiff's motion for reconsideration and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 9, 2016

           ZACHARY W. CARTER
           Corporation Counsel of the
            City of New York
           Attorney for Defendants
           100 Church Street
           New York, New York 10007
           (212) 356-2331 / 356-2249

           By:     /s/
             Matthew Modafferi & Amanda Shoffel
             *Senior Counsel*
             Special Federal Litigation Division

cc: Michael Colihan, Esq. (By ECF)
   Philip Smallman, Esq.
   David Shanies, Esq.
   *Attorneys for plaintiff*

Index No. 12 Civ. 8691 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL HILL as Administratrix of the Estate of Tyjuan Hill, deceased and CAROL HILL, individually,

Plaintiff,

-against-

SGT. PATRICK QUIGLEY, SGT. DANIEL CASELLA, P.O. BENIGNO GONZALES, P.O. BRADLEY TIROL, P.O. LYHEEM OLIVER, P.O. SAMBATH OUK,

Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Matthew Modafferi & Amanda Shoffel*
*Tel: (212) 356-2331 / 356-2249*

*Due and timely service is hereby admitted.*

*New York, N.Y.                        , 2016*

*Esq.*

*Attorney for*